UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAN MATTSSON, an Individual,<br><br>    Plaintiff,<br>v.<br><br>HOME DEPOT, INC., a Corporation doing business in California; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Civil No.11cv0533 AJB (BLM)<br><br>**ORDER GRANTING DEFENDANT'S (1) MOTION TO STRIKE AND (2) MOTION FOR SUMMARY JUDGMENT**<br><br>[Docs. 28, 30] |

Presently before the Court are Defendant Home Depot's (1) motion for summary judgment (Doc. 30) and (2) motion to strike Plaintiff's designation of expert witnesses Dr. Rob Gillespie and the Sharp Rees Stealy Medical Group Custodian of Records (Doc. 28). In accordance with Civil Local Rule 7.1.d.1, the Court finds these motions suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for June 22, 2012 is hereby vacated.

On March 2, 2012, Plaintiff filed a notice of non-opposition to the motion to strike. (Doc. 35.) The Court therefore **GRANTS** the motion to strike. For the reasons set forth below, the Court also **GRANTS** Defendant's motion for summary judgment.

## I.

## BACKGROUND

This is a disability discrimination case arising out of the termination of Plaintiff Jan Mattsson's employment from Home Depot. The Complaint asserts two causes of action: (1) Disability Discrimina-

tion and (2) Wrongful Discharge in Violation of Public Policy. The Complaint alleges that Mattsson's disabilities are asthma and "physical disability related to his knee." In his deposition, Mattsson also claimed that he suffered from a heart attack during the last week of his employment.

Home Depot hired Mattsson as a sales associate in the millworks department on May 14, 2005. (Pl. Depo. 20:7-25.) According to Home Depot, from the first few months of his employment, Mattsson received a steady flow of documentation of performance deficiencies. Mattsson's performance decreased to unacceptable levels in 2009, resulting in his being placed on a formal Performance Improvement Plan ("PIP") on October 2, 2009, and culminating in his termination on November 23, 2009. Mattsson claims he was discriminated against and wrongfully terminated because of his disabilities. When Home Depot terminated Mattsson's employment, Bill Walker was the store manager and Paul Jimenez was the assistant store manager.

## II.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).

In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos. Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the nonmoving party would bear the burden of proof at trial, the moving party may satisfy its burden on summary judgment by simply pointing out to the Court an absence of evidence from the nonmoving party. *Miller*, 454 F.3d at 987. "The moving party need not disprove the other party's case." *Id.*

Once the movant has made that showing, the burden shifts to the opposing party to produce "evidence that is significantly probative or more than 'merely colorable' that a genuine issue of material fact exists for trial." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009) (citing *FTC v.*

*Gill*, 265 F.3d 944, 954 (9th Cir. 2001)); *see also Miller*, 454 F.3d at 988 ("[T]he nonmoving party must come forward with more than 'the mere existence of a scintilla of evidence.'") (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## III.

## DISCUSSION

**A.    Mattsson's Disability Discrimination and Wrongful Termination Claims**

California state and federal courts follow the three-part, burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green* for assessing Plaintiff's disability discrimination and wrongful termination claims to determine whether there are triable issues of fact for resolution by a jury. 411 U.S. 792 (1973).[1] To establish a prima facie case of disability discrimination, Mattsson must show that: (1) he suffers from a disability; (2) he was otherwise qualified to do the job; and (3) he was subjected to an adverse employment action ***because of*** the disability. *McDonnell Douglas*, 411 U.S. at 802; *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 886 (2007).

   *1.    Prima Facie Case*

Home Depot argues that Mattsson cannot establish a prima facie case of disability discrimination or wrongful termination. Specifically, Home Depot claims Mattsson fails the third prong, since there is no evidence that he was terminated because of his alleged disability. Importantly, according to Home Depot, there is no evidence that Walker knew Mattsson suffered a heart attack or had alleged knee issues when he decided to terminate Mattsson's employment. *See Scotch v. Art Institute of California*, 173 Cal. App. 4th 986, 1008 (2009) ("An adverse employment decision cannot be made 'because of' a disability, when the disability is not known to the employer. Thus, in order to prove [a discrimination] claim, a plaintiff must prove the employer had knowledge of the employee's disability when the adverse employment decision was made.").

---

[1] *See also Guz v. Bechtel National, Inc.*, 24 Cal.4th 317 (2000) (discrimination); *Loggins v. Kaiser Permanente Int'l*, 151 Cal. App. 4th 1102, 1108-1109 (2007) (wrongful termination); *Arteaga v. Brink's, Inc.*, 163 Cal.App.4th 327 (2008) ("The wrongful termination claim is, after all, based on the FEHA's prohibition of physical disability discrimination. As a result, the wrongful termination claim fails for the same reasons as the FEHA claim.").

1    Home Depot further argues that Mattsson has no evidence that anyone outside of his protected
2 class (i.e., those with asthma, alleged knee issues, or who have suffered a heart attack at work) was
3 treated more favorably than he. *See Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003) (as part of the
4 prima facie case, a plaintiff must show that employees outside of his protected class were treated more
5 favorably). To the contrary, Home Depot asserts that employees outside of Mattsson's alleged protected
6 class were treated similarly and were likewise terminated before the expiration of the PIP. *See E.K.*
7 *Wade v. Solis*, No. C-08-00001EDL, 2009 WL 1186638 *10 (N.D. Cal. May 4, 2009) (the fact that
8 others outside of a plaintiff's protected class were treated similarly defeats the presumption of discrimi-
9 nation). For example, employees Jessica Warner, Ornetta Smith, and Alex Edep were not disabled and
10 were terminated—respectively—25 days into a 120-day PIP, 27 days into a 60-day PIP, and 31 days
11 into a 60-day PIP. (Walker Dec. ¶¶ 3-5, Exs. 1-3.) Mattsson has not identified any employee outside of
12 his protected class who was allegedly treated more favorably.

13    Finally, Home Depot points to Mattsson's own deposition, in which he acknowledged that he
14 had "no opinion" as to whether Home Depot discriminated against him. (Pl. Depo. 109:21-25.) Mattsson
15 also admitted that Jimenez's alleged mistreatment of him was due to a "personal vendetta" and
16 "personality conflict" (Pl. Depo. 168:1-16, 362:3-6), which does not constitute discrimination. *See*
17 *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 ("[P]ersonality conflicts at work
18 that generate antipathy and snubbing by supervisors and co-workers are not actionable under [Title
19 VII]"); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 654 (9th Cir. 2003) (personality conflicts are
20 insufficient to trigger the protections of the discrimination statutes).

21    Mattsson responds that he has established a prima facie case because a jury could conclude that
22 Home Depot's decision to terminate him one day after learning of his medical condition and need for
23 accommodation was motivated by a desire to avoid having to accommodate an employee with a
24 disability. However, Mattsson does not present any evidence supporting this conclusive statement,
25 which seems unlikely in light of the facts presented by Home Depot. The Court therefore agrees with
26 Home Depot that Mattsson has shown no evidence that he was terminated because of his alleged
27 disability. Consequently, he cannot establish a prima facie case of discrimination.

28

### *2.     Legitimate, Nondiscriminatory Reasons*

Home Depot further argues that even if Mattsson could establish a prima facie case (which, as demonstrated above, he has failed to do), he was terminated for legitimate, nondiscriminatory reasons. Under the *McDonnell Douglas* analysis, a prima facie case merely creates a rebuttable inference of discrimination. In response, the employer need only articulate a "legitimate, non-discriminatory" reason for its decision to shift the burden of production back to the plaintiff. *McDonnell Douglas Corp.*, 411 U.S. at 802; *Univ. of S. Cal. v. Superior Court*, 222 Cal. App. 3d 1028, 1039 (1990).

Here, Home Depot articulates legitimate, nondiscriminatory reasons for terminating Mattsson's employment. Mattsson had an extensive and well-documented history of poor performance at Home Depot, dating back several years. Home Depot's motion contains four pages detailing Mattsson's record of poor performance, discipline notices, and performance reviews indicating that improvement was needed in several areas. (*See* MSJ at 2-5.) These led to his placement on the PIP in October 2009, to give him the opportunity to improve his performance in the three areas that had been extensively documented during the previous four years—customer service, teamwork and communication, and sales. (Pl. Depo. 322:10-15, Ex. 36.) Because Mattsson failed to show immediate and sustained improvement, Home Depot terminated his employment on November 23, 2009. (Pl. Depo. 330:21-331:11, Ex. 37.)

The Court agrees. Even if Mattsson could establish a prima facie case, Home Depot has articulated a legitimate, nondiscriminatory reason for its decision.[2] This then shifts the burden back to Mattsson to show that the articulated reason was merely pretext for discrimination or unlawful termination.

### *3.     Pretext*

To avoid summary judgment, Mattsson must present "substantial responsive evidence" that Home Depot's asserted reasons for terminating his employment were a pretext for unlawful discrimina-

---

[2] Although Mattsson may disagree with some of his performance reviews and discipline notices, an employee's personal disagreement with an employer's evaluations of his inadequate performance does not support a claim of pretext. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (9th Cir. 1996) ("[A]n employee's subjective personal judgments of her competence alone do not raise a genuine issue of material fact.").

1 tion or a wrongful termination. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 804- 805; *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1735 (1994). "Mere assertions that [an employer] had a discriminatory motive and intent . . . [are] inadequate, without substantial factual evidence, to raise . . . a genuine issue of material fact as to pretext in order to avoid summary judgment." *Evans v. Runyon*, 965 F.Supp. 1388, 1389-90 (C.D. Cal. 1997) (citing *Collings v. Longview Fibre Co.*, 63 F.3d 828, 834 (9th Cir. 1995)). Pretext can be shown in two ways: (1) directly persuading the court that a discriminatory reason more likely motivated the employer; or (2) indirectly by showing that the employer's proffered explanation is not worthy of credence. *Evans*, 965 F. Supp. at 1391.

Mattsson claims that Home Depot's alleged nondiscriminatory grounds for termination are mere pretext and that he has both direct and indirect evidence sufficient to create a genuine issue of material fact. However, many of Mattsson's assertions simply are not supported by the evidence and testimony he cites in his opposition. *See* Def.'s Rep. Br. at 4-10 (detailing factual inaccuracies).

Additionally, Mattsson makes much of the fact that he was fired the day after giving Home Depot a doctor's note requesting accommodations related to his recent heart attack. However, as noted above, Mattsson's Complaint does not mention the heart attack. The only disabilities alleged in the Complaint are asthma and knee issues. (Compl. ¶ 6.) Mattsson's claim that his heart attack played a role in the termination decision is outside of the pleadings and thus should be disregarded. *See Fox v. Good Samaritan L.P.*, 2010 WL 1260203, at *11 (N.D. Cal. Mar. 29, 2010) ("While a summary judgment motion does go beyond the pleadings in the sense that it tests the sufficiency of the evidence to support the allegations of the complaint, those allegations still serve to frame–and limit–the issues."); *Laabs v. City of Victorville*, 163 Cal. App. 4th 1242, 1252-53 (2008) (refusing to consider new factual allegation raised by plaintiff in opposition to motion for summary judgment).

Regardless, Home Depot argues that such "temporal proximity" between Mattsson's heart attack and his termination is insufficient to show a dispute of material fact as to pretext. *See, e.g.*, *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 353 (2008) (holding that temporal proximity is only relevant to the prima facie case and, by itself, cannot create a triable issue of fact as to pretext). Also, the fact that Mattsson's history of poor performance and his placement on the PIP predated his heart attack and

related doctor's note logically weighs against Mattsson's argument that they were pretext for later-occurring discrimination. Finally, any inference of discrimination is undermined when the decision-maker is a member of the same protected class. *See, e.g.*, *Coghlan v. American Seafoods Co. LLC*, 413 F.3d 1090, 1096-97 (9th Cir. 2005) (affirming summary judgment for employer where the person who engaged in the allegedly discriminatory conduct was of the same protected category as the plaintiff). Here, Jimenez, who is the only person Mattsson claims to have discriminated against him, also suffers from asthma. (Jimenez Dec. ¶ 2-3).[3]

For all of these reasons, the Court finds that Mattsson has not met his burden of providing either direct or indirect evidence of pretext, and there is no genuine dispute of material fact. Consequently, Mattsson's disability discrimination and wrongful termination claims fail.

**B.      Mattsson's Failure to Accommodate Claim**

Mattsson claims that Home Depot failed to accommodate his asthma and alleged knee injury. Home Depot contends that it had no knowledge of any alleged knee injury. *See* Cal. Gov. Code § 12940(m); Cal. Code Regs., tit. 2, § 7293.9 (requiring only that an employer accommodate a "known physical . . . disability"). Home Depot claims neither Jimenez nor Walker knew Mattsson had any alleged disability related to his knee, Mattsson's doctors never placed any limitations on his work due to his knee, and Mattsson himself never requested any accommodation. (Walker Dec. ¶ 10, Jimenez Dec. ¶ 5, Pl. Depo. 145:9-19, 145:25-146:2) The Court also notes that Mattsson's opposition defines his "condition/ disability" as "asthma and cardiac related symptoms," with no mention of his knee injury. (Pl. Opp. at 4.)

With regard to Mattsson's asthma, Home Depot argues that it did in fact make accommodations, and that Mattsson did not request any other accommodation until the day before his termination. Specifically, Jimenez, who also has asthma, allowed Mattsson to take breaks at any time, without informing a supervisor, and to leave the sales floor and use his breathing devices. He was also allowed to leave work early to obtain his asthma medication, but he never requested to be transferred to a

---

[3] Although the decision to terminate Mattsson's employment was made by Walker (Walker Dec. ¶ 2), Mattsson admitted in his deposition that Walker did not discriminate against him. (Pl. Depo. 109:21-25, 114:24-115:5).

different department until the day before his termination. (Pl. Depo. 120:5-24, 121:4-15, 376:1-22, 146:25-147:7, 438:5-10, 439:25-440:3, Ex. 45.) Accordingly, Home Depot asserts that Mattsson's accommodation claim fails due to Mattsson's lack of request for accommodation. Mattsson does not refute Home Depot's arguments in his opposition, and the Court agrees with Home Depot that the accommodation claim fails.

## IV.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** both the motion to strike and the motion for summary judgment. (Docs. 28, 30.) The Court directs the Clerk to enter judgment accordingly.

IT IS SO ORDERED.

DATED: June 20, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge